**BRACKEN'S SHOPPING CENTER, INC., et al.**

**v.**

**Stuart RUWE et al.**

**Civ. A. No. P–2907.**

United States District Court

S. D. Illinois, N. D.

Oct. 9, 1967.

complaint is that defendants, opposing the construction of a shopping center which might reduce the business of "downtown" Kewanee merchants, conspired to file in the state court a representative suit challenging the validity of the statute under which the city fathers had vacated certain streets needed for the proposed shopping center.

Since the complaint alleges no other act or conspiracy, the court grants the defendants' motions to dismiss because it does not believe that resort to the judiciary, even in concert or in an effort to restrict competition, can violate the anti-trust laws of the United States.

The novelty of plaintiffs' argument that the filing of a suit testing the validity of a municipal ordinance constitutes an anti-trust violation may account for the dearth of judicial decisions directly in point. The Supreme Court has, however, recently enunciated on two occasions the general principle that seeking lawful legislative, executive, or judicial action does not violate the anti-trust laws, even if interstate commerce is involved and even if the purpose and effect is to curtail competition. See Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961) and United Mine Workers v. Pennington, 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965).

The individual citizen has a right under Illinois law to seek a declaratory judgment on the validity of a municipal ordinance. Ill.Rev.Stat. Ch. 110, § 57.1. Exposing citizens who exercise that right to possible fine and imprisonment under the anti-trust laws could only be justified by plain and unmistakable language to that effect. This court agrees with the Court of Appeals for the Third Circuit which said in Citizens Wholesale Supply Co. v. Snyder, et al., 3 Cir., 201 F. 907 at page 909:

> "We cannot suppose that the general words of the Anti-Trust Act were in-

Eugene L. White, Peoria, for plaintiffs.

D. J. McRae, Welch & Blachinsky, Kewanee, Peoria, for defendants.

## OPINION AND ORDER

ROBERT D. MORGAN, District Judge.

The question whether the plaintiffs have stated a claim for relief under the Sherman and Clayton anti-trust acts arises upon defendants' several motions to dismiss. The gist of the plaintiffs'

tended to include an agreement in good faith to test a municipal ordinance in the courts."

Apparently recognizing the difficulty inherent in the proposition they urge, the plaintiffs argue that it is not the filing of the law suit itself but the common motive behind the filing thereof, arrived at by agreement, that violates the Sherman and Clayton Acts. First, it would appear that the *Railroad Presidents* and *Pennington* cases cited above foreclose inquiry into motive. In the *Railroad Presidents* case, the Supreme Court declared 365 U.S. at page 136, 81 S.Ct. at page 529:

"We think it equally clear that the Sherman Act does not prohibit two or more persons from associating together in an attempt to persuade the legislature or the executive to take particular action with respect to a law that would produce a restraint or a monopoly."

And in the *Pennington* opinion the Supreme Court observed 381 U.S. at page 670, 85 S.Ct. at page 1593:

"Joint efforts to influence public officials do not violate the antitrust laws even though intended to eliminate competition."

■ Second, it appears that the trial court has rendered judgment in favor of the defendants in the state court suit complained of. At least one test of good faith is the existence of probable cause; and the judgment of the trial court in the state action, even if reversed on appeal, has conclusively shown that defendants had probable cause to believe that the municipal ordinance was invalid. Their decision to act on that belief, even if motivated by a desire to prevent the construction of the Bracken shopping center and thereby restrain competition, does not violate the anti-trust laws. Regardless of intent or assumed purpose, defendants have a right to have the ordinance set aside if it is invalid.

Defendants' motions to dismiss are therefore granted and the case is dismissed at plaintiffs' cost.